

FILED
SEP 2 5 2013
Clerk, U.S. District Court
District Of Montana
Missoula

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| DONNIE MACK SELLERS,<br><br>Plaintiff,<br><br>vs.<br><br>LEROY KIRKEGARD, MIKE BATISTA, STATE OF MONTANA, JOHN AND JANE DOES,<br><br>Defendants. | Cause No. CV 13-0044-H-DWM-RKS<br><br>ORDER |

Pending is Plaintiff Donnie Mack Sellers' Motion for Temporary Restraining Order and a Preliminary Injunction. Dkt. 6. In both his Complaint and Motion, Mr. Sellers sets forth claims of failure to protect him from assaults by other inmates and denial of medical care, dental care, and mental health care.

As Mr. Sellers is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. §1915 and 28 U.S.C. §1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This matter is on referral to United States Magistrate Judge Strong for this review process and other pretrial proceedings. The process

has not yet been completed and the Complaint has not been served upon the named Defendants.

Mr. Sellers has not complied with the notice provisions of Rule 65 of the Federal Rules of Civil Procedure. A preliminary injunction may only be issued on notice to the adverse party. Fed.R.Civ.P. 65(a)(1). A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney (plaintiff himself in this case, as he proceeds pro se) certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. Fed.R.Civ.P. 65(b). Mr. Sellers has not satisfied either requirement.

In addition, as a general rule courts are unable to issue orders against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969); Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

2

Here, the Court has not obtained personal jurisdiction over any of the defendants since they have not yet been served with process in this action. Thus, Mr. Sellers' motion for injunctive relief is premature and will be denied.

Based upon the foregoing, the Court issues the following:

## ORDER

Mr. Sellers's Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. 6) is denied without prejudice.

DATED this 25th day of September, 2013.

_____
Donald W. Molloy, District Judge
United States District Court