# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

| | |
|---|---|
| DONNIE MACK SELLERS, | CV 13-0044-H-DWM-RKS |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| LEROY KIRKEGARD, MIKE BATISTA, STATE OF MONTANA, and JOHN AND JANE DOES, | |
| Defendants. | |

## SYNOPSIS

Mr. Sellers, an inmate proceeding without counsel, alleges the conditions of his confinement violated his Eighth Amendment and Due Process rights. (Complaint, Doc. 2; Amended Complaint, Doc. 14). Defendant Steyh will be required to make an appearance on Mr. Sellers's failure to protect claim arising from the October 2010 incident. As set forth herein, Mr. Sellers's allegations against the remaining Defendants fail to state a claim. Mr. Sellers was given an opportunity to amend his Complaint with specific instructions regarding pleading requirements. Further amendment would be futile. All remaining claims and Defendants should be dismissed with prejudice.

1

## JURISDICTION

Mr. Sellers filed this action in federal court, in the Helena Division of the District of Montana. (Complaint, Doc. 2.) The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Amended Complaint alleges a violation under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Donald W. Molloy, United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1).

## STATUS

Mr. Sellers is a prisoner proceeding in forma pauperis. As such, his claims must be reviewed to determine if the allegations are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915, 1915A. Mr. Sellers's initial Complaint failed to state a claim upon which relief could be granted, and Mr. Sellers was given an opportunity to file an amended complaint, which he has now done. (Doc. 14.)

This is the review of the Amended Complaint. The legal standards and factual allegations applicable to this review were set forth in the Court's January

24, 2014 Order (Doc. 10).  The factual allegations will not be repeated herein.

## STANDARDS

### Stating a claim

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded.  *Id.* at 679.  A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

### Leave to amend

Mr. Sellers, representing himself, is entitled to have his Amended Complaint liberally construed.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).  "Unless it is absolutely clear that no amendment can cure the defect  . . .  a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to

amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248

(9th Cir. 1995).

Leave for Mr. Sellers to amend his complaint should be given freely "when

justice so requires." Fed. R. Civ. P. 15. However, a district court should dismiss a

complaint without granting leave to amend if amendments would be futile.

*Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701

F.2d 1276, 1293 (9th Cir. 1983); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d

531, 538 (9th Cir. 1989).

**Statute of Limitations**

There is a three-year statute of limitations applicable to Section 1983 cases

in Montana. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); Mont. Code Ann. § 27-

2-204(1).

**Medical Care**

To prevail on an Eighth Amendment medical care claim, a prisoner must

demonstrate "deliberate indifference to serious medical needs." *Jett v. Penner*, 439

F.3d 1091, 1096 (9th Cir. 2006) (*citing Estelle v. Gamble*, 429 U.S. 97, 104

(1976)). There are two prongs to the deliberate-indifference analysis. First, a

prisoner must show a "serious medical need." *Jett*, 439 F.3d at 1096 (citations

omitted). A "'serious' medical need exists if the failure to treat a prisoner's

condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (internal citation omitted).

Second, a prisoner must show that the defendant's response to that need was deliberately indifferent. *Jett*, 439 F.3d at 1096. This second prong is met if the prisoner demonstrates (1) a purposeful act or failure to respond to a prisoner's medical need and (2) harm caused by the indifference. *Id.* Prison officials are deliberately indifferent if they deny, delay, or intentionally interfere with medical treatment. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

"A difference of opinion between a physician and the prisoner concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 982, 987 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc). Rather, "[t]o show deliberate indifference, the plaintiff 'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to plaintiff's health.'" *Id.* at 988 (*quoting Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

### Access to the Courts

Prisons must provide "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (*citing Bounds v. Smith*, 430 U.S. 817, 825 (1977)). There is no "abstract, freestanding right to a law library or legal assistance. *Casey*, 518 U.S. at 351. Instead, an inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Casey,* 518 U.S. at 351.

To show a violation of this right to access to the courts, an inmate must demonstrate "actual injury:" a specific instance in which he was denied access. *Silva v. DiVittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011); *see also Casey*, 518 U.S. at 349. "The injury requirement is not satisfied by just any type of frustrated legal claim." *Casey,* 518 U.S. at 354-55. Prisoners have a right to access to the courts only in relation to direct appeals from the convictions for which they were incarcerated, habeas petitions, or civil rights actions challenging the conditions of their confinement. *Id.* This right of access to the courts "guarantees no particular methodology but rather the conferral of a capability-the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id.* at 356. Moreover, the right of access to courts is only a right to bring

complaints to federal court and not a right to the discovery of such claims or to litigate them effectively once filed with a court. *Id.* at 354-55.

## Due Process

The Due Process Clause of the Fourteenth Amendment prohibits depriving prisoners of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a protected interest. In the prison setting, a liberty interest is recognized and protected only if state officials or employees take actions that either (1) affect the sentence imposed upon conviction in an unexpected manner, or (2) impose a hardship that is atypical and significant in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Whether a hardship is "atypical and significant" depends on three factors:

1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (*citing Sandin*, 515 U.S. at 486-87); *see also Myron v.*

*Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). A negligent or unauthorized intentional deprivation of a prisoner's property fails to state a claim under § 1983 if the state provides an adequate post deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (*citing Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)).

An authorized, intentional deprivation of property is actionable under the Due Process Clause. *See Hudson*, 468 U.S. 517, 532, n. 13 (*citing Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Logan*, 455 U.S. at 436; *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987).

### Failure to Protect

"Prison officials have a duty to take reasonable steps to protect inmates from

physical abuse." *Hoptowit v. Ray*, 682 F.2d 1237, 1250-51 (9th Cir. 1982); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Robinson v. Prunty*, 249 F.3d 862, 866 (9th Cir. 2001). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. *See Farmer*, 511 U.S. at 834. Where an inmate's claim is based on an alleged failure to prevent harm, the inmate may satisfy the "sufficiently serious" requirement by showing the existence of "conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993).

**42 U.S.C. § 1983**

**Eleventh Amendment**

The Eleventh Amendment bars suit in federal court against a state, state agency, or a state official sued in his or her official capacity for money damages absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq.

The Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *See Idaho v. Couer d'Alene Tribe*, 521 U.S. 261; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-106 (1984); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). In addition, states are not entitled to Eleventh Amendment immunity under Title II of the Americans with Disabilities Act ("ADA"). *Phiffer v. Columbia River Corr. Inst.*, 384 F.3d 791, 792 (9th Cir. 2004).

States, state agencies, and state officials sued officially are not "persons" subject to suit for money damages under section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989).

## ADA

Title II of the ADA applies to inmates within state prisons. *Pa. Dept. of Corrs. v. Yeskey*, 524 U.S. 206 (1998). Under the relevant provision of Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.[1] To state a claim under 42 U.S.C. §

---

[1]The ADA defines "disability" as: (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such impairment. 42

12132, a plaintiff must allege that (1) he is "an individual with a disability," (2) he is "otherwise qualified to participate in or receive the benefits of some public entity's services, programs, or activities," (3) he was "either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity," and (4) the exclusion, denial, or discrimination was "by reason of" his disability. *See McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (*quoting Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002)) (internal quotes omitted).

## ANALYSIS

### Statute of Limitations

Because this matter was filed on July 23, 2013, any claims arising prior to July 23, 2010, are barred by the statute of limitations. Accordingly, the following claims should be dismissed as barred by the statute of limitations: (1) all claims related to the discontinuation of Mr. Sellers's medications upon entry into Montana

---

U.S.C. § 12102(2). "Major life activities" refers to "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 28 C.F.R. § 35.104. A "qualified individual with a disability" is "an individual with a disability who . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

State Prison (MSP) in 2009 (Doc. 14 at 6; 14-1 at 3-4);[2] (2) all claims related to denial of medical care in 2009 for injuries suffered as a result of seizures (Doc. 14-1 at 2-8); and (3) all claims regarding denial of personal safety, inmate threats, and disciplinary hearings in January and February 2010. (Doc. 14-2 at 1-11.)

**Medical Care Claims**

Mr. Sellers brings two allegations regarding denial of medical care. First, he alleges Defendants were deliberately indifferent to his medical needs after his jaw was broken by another inmate. (Amended Complaint, Doc. 14-1 at 7-12, ¶ 19-45.) Second, he alleges Defendants were deliberately indifferent to his medical needs after a prostate examination by Dr. Kohut on March 7, 2011. (Amended Complaint, Doc. 14-1 at 13-16.)

Mr. Sellers has not stated a claim for deliberate indifference to his medical needs regarding his broken jaw. His allegations indicate that his medical condition was cared for by various Defendants and other medical personnel, including a dental surgeon outside of the prison. Although he may not have received the treatment he requested, he was provided significant medical treatment for his injuries. Mr. Sellers has made no allegation that Defendants chose a course of

_____

[2]All grievances submitted with the Amended Complaint regarding Mr. Sellers's medications pre-date July 23, 2010. (*See* Exhibits A1 - A15; Doc. 14-6 at 1-15.)

treatment in conscious disregard of an excessive risk to his health. These claims should be dismissed.

Similarly, Mr. Sellers's allegations regarding his prostate examination fail to state a claim. Mr. Sellers's allegations demonstrate that he received medical treatment for this condition. When the hydrocortisone cream did not work, he received an alternative medication.[3] Though some of these treatments may have been ineffective, this is insufficient to establish deliberate indifference. This claim should be dismissed.

### Access to the Courts/Destruction of property

Mr. Sellers alleges that each time he went to lock-up, Defendants Marthaller and Foster seized, destroyed, and/or forced him to send out everything he ever purchased from the MSP canteen, including legal supplies. Mr. Sellers alleges he was allowed to keep his legal documents and trial transcripts, but when prison officials returned the transcripts to him, some pages were torn or missing. (Supplement, Doc. 16 at 25-30.)

---

[3]According to the grievance response attached to the Supplement to his Amended Complaint, Mr. Sellers was evaluated by Dr. Kohut on March 18, 2011, and prescribed Nistantia cream. He had a follow-up evaluation on March 28, 2011, and showed improvement. Mr. Sellers was ordered written to continue with the cream in addition to Bactrim packets. (*See* Exhibit A-17, Unscannable exhibits attached to Doc. 16.)

There are two potential claims based upon these allegations.  First, these allegations could be construed as claims of denial of access to the courts.  The Ninth Circuit has held that a prisoner's First and Fourteenth Amendment rights are violated when prison employees actively interfere with the prisoner's litigation efforts by destroying or confiscating legal documents and cause the prisoner actual injury.  *See Vigliotto v. Terry*, 873 F.2d 1201, 1202 (9th Cir. 1989) (prisoner deprived of access to courts where prison employees confiscated transcripts the prisoner needed for an appeal); *Silva v. DiVittorio*, 658 F.3d 1090, 1104 (9th Cir. 2011) (prisoner stated a claim for denial of access to courts by alleging the prison repeatedly transferred him to impede ability to litigate and guards seized and withheld legal files, resulting in dismissal of prisoner's pending suits).

Mr. Sellers was specifically advised in the Court's prior Order that to state a claim for denial of access to the courts, an inmate must allege that they suffered an "actual injury."  (Prescreen Order, Doc. 10 at 9-10, *citing Silva*, 658 F.3d at 1102.) Mr. Sellers does not allege an actual injury; he does not allege the conduct led to the dismissal of a pending action, his inability to initiate an action, or any other detrimental consequence.  Because Mr. Sellers has not alleged an actual injury, his allegations related to denial of access to the courts fail to state a claim on which relief may be granted and should be dismissed.

Secondly, these allegations could be construed as deprivation of property without due process claims. Montana law provides an adequate post-deprivation remedy for property deprivations caused by prison officials. Mont. Code Ann. §§ 2-9-101, et seq. Thus, to the extent Mr. Sellers alleges the deprivations of his property were unauthorized, he has failed to state a claim upon which relief may be granted. *See Barnett*, 31 F.3d at 816 (citation omitted).

To the extent he alleges the deprivations were authorized, he has also failed to state a claim. Mr. Sellers alleges his property was confiscated as a direct result of his placement in administrative segregation. An inmate does not have a right to due process before being temporarily deprived of property he was not permitted to possess in administrative segregation. *See Barnett*, 31 F.3d at 816. The prison's regulations regarding property allowances while in administrative segregation are reasonably related to legitimate penological interest, and as such, Mr. Sellers's allegations fail to state a claim upon which relief may be granted and should be dismissed.

**Failure to protect**

Mr. Sellers alleges he made Defendant Steyh aware of a serious threat to his safety in October 2010, she failed to respond to that threat, and he was attacked and seriously injured six days later. This is sufficient to state a claim for failure to

protect.  Defendant Steyh will be required to respond to this claim.

Mr. Sellers makes a number of other allegations regarding his personal safety, but none state a claim for failure to protect.  Mr. Sellers alleges that in February 2011 another inmate threatened him because the Secret Service had visited him regarding a letter the other inmate had written.  (Amended Complaint, Doc. 14-2 at 18.)  Mr. Sellers submitted a grievance, and Defendant Steyh asked him for names of the inmates who were threatening him.  Mr. Sellers gave Defendant Steyh five names and later provided additional names to her.  As there is no allegation that Mr. Sellers suffered any injury as a result of this incident, he failed to establish a serious threat to his safety.

Mr. Sellers also alleges he was assaulted by another inmate in April 2012, but he makes no allegation that he advised any named Defendant of the potential threat prior to the assault.  (Amended Complaint, Doc. 14-2 at 22 - 23.)  Without prior knowledge of a potential threat, a defendant cannot be deliberately indifferent to that threat.  These claims should be dismissed.

Mr. Sellers also brings claims regarding threats made by correctional officers.  (Supplement to Amended Complaint, Doc. 16 at 1-7.)  Mere verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.  *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).

Allegations of threats and harassment do not state a cognizable claim under 42 U.S.C. § 1983. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (assaultive comments by prison guard not enough to implicate Eighth Amendment); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir.1987) (mere threat does not constitute constitutional wrong). Mr. Sellers's claims regarding threats from correctional officers should be dismissed.

**Discipline**

Mr. Sellers raises a number of claims regarding discipline he received at the prison. The Court has construed these allegations as due process claims. Therefore, Mr. Sellers must first allege that the deprivation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 483–84. Mr. Sellers alleges he was wrongfully given a number of disciplinary write-ups. He received at most 15 days of detention for each of these alleged violations. This is insufficient to establish a liberty interest because placing an inmate in administrative segregation for even 30 days does "not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Sandin*, 515 U.S. at 486.

Mr. Sellers has failed to allege any facts indicating there were atypical and significant hardships imposed upon him as a result of this discipline. Mr. Sellers

must allege "a dramatic departure from the basic conditions" of his confinement

that would give rise to a liberty interest before he can claim a violation of due

process. *Sandin*, 515 U.S. at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088–89

(9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). He has not. Mr.

Sellers has failed to allege a liberty interest in remaining free of disciplinary

confinement, and thus, has failed to state a due process claim.

### State of Montana

#### 1983

As set forth in the Court's prior Order, the State of Montana has Eleventh

Amendment immunity from suit in federal court and is not a "person" for purposes

of 42 U.S.C. § 1983. The Section 1983 claims against the State should be

dismissed.

#### ADA

Mr. Sellers alleges he has a brain injury that keeps him from understanding

how to use the Nexus computer to research legal issues. He alleges no Nexus

computer is available when he has access to the law library, no staff is ever

available to assist him, and no updated law books are available to him. (Doc. 14-1

at 2.)

Even assuming Mr. Sellers is disabled under the ADA, his allegations,

liberally construed, simply do not give rise to an inference that the library conditions he complains of burden his "meaningful access" to the law library "by reason of" his disability, as required to state a Title II claim. *See Simmons v. Navajo Co., Ariz.*, 609 F.3d 1011, 1021 (plaintiff's exclusion from outdoor recreation after he was placed on suicide watch was due to policies restricting activities of inmates on suicide watch and, thus, was not "by reason of" his depression for purposes of an ADA claim); *Crowder v. Kitagawa*, 81 F.3d 1480, 1484 (9th Cir. 1996) (it is most useful for courts to assess whether disabled persons were denied "meaningful access" to state-provided services) (*citing Alexander v. Choate*, 469 U.S. 287, 302 (1985)).  Nothing suggests that disabled persons have less time on Nexus computers, receive less help from library staff, or have less access to law books than other prisoners.  Mr. Sellers has not alleged an essential element of a Title II ADA claim.  This claim should be dismissed.

**Miscellaneous Claims**

Mr. Sellers includes a number of factual allegations in his Amended Complaint not specifically connected to the claims discussed above.  It is not clear whether he is attempting to state separate claims regarding these facts.  Out of an abundance of caution, the Court will briefly address these allegations.

Mr. Sellers alleges that a number of correctional officers at the prison do not

wear identification badges.  (Supplement, Doc. 16 at 20 - 22.)  Mr. Sellers does not have a constitutional right to be guarded by officers wearing identification.  These allegations are insufficient to state a claim.

Mr. Sellers also discusses the prison's policy regarding emergency grievances and individual Defendants' responses to grievances.  A prisoner has no constitutional right to a favorable or effective grievance procedure.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("inmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citation omitted).  To the extent that Mr. Sellers may be attempting to state a due process claim predicated on Defendants' alleged failure to process his inmate grievances in a particular manner, such allegations fail to state a claim.  *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.") (citations omitted).  Mr. Sellers has failed to state a claim regarding the grievance process.

Mr. Sellers briefly discusses what he labels "excessive overcrowding." (Supplement, Doc. 16 at 24-25.)  He alleges the MSP High Complex units are overcrowded because the cells are double bunked and there is limited outside recreation.  *Id.*  Allegations of prison overcrowding alone are insufficient to state a claim under the Eighth Amendment.  *See Balla v. Idaho State Bd. of Corr.*, 869

F.2d 461, 471 (9th Cir. 1989); *see also Rhodes v. Chapman*, 452 U.S. 337, 348–49

(1981) (double-celling of inmates by itself does not inflict unnecessary or wanton

pain or constitute grossly disproportionate punishment in violation of Eighth

Amendment).  An overcrowding claim is cognizable only if the plaintiff alleges

that crowding has caused an increase in violence, has reduced the provision of

other constitutionally required services, or has rendered the institution no longer fit

for human habitation.  *See Balla*, 869 F.2d at 471; *Hoptowit v. Ray*, 682 F.2d 1237,

1248–49 (9th Cir. 1982) (noting that overcrowding itself not Eighth Amendment

violation but can lead to specific effects that might violate the Constitution),

*abrogated in part on other grounds by Sandin*, 515 U.S. 472.  Mr. Sellers

allegations do not reach this level.  He has failed to state an Eighth Amendment

claim regarding alleged overcrowding at the prison.

## CONCLUSION

Defendant Steyh must make an appearance on Mr. Sellers's failure to protect

claim arising from the incident in October 2010.  All other claims and all other

Defendants should be dismissed.  As set forth herein, Mr. Sellers's allegations

against the remaining Defendants fail to state a claim.  He already had an

opportunity to amend these claims with specific instructions regarding pleading

requirements.  His continued failure to state a claim makes it evident that these

claims could not be cured by the allegation of additional facts.

It is **ORDERED**:

1. Pursuant to Fed.R.Civ.P. 4(d), Michelle Steyh is requested to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within thirty (30) days of the entry date reflected on the Notice of Electronic Filing. If Defendant choses to return the Waiver of Service of Summons, the answer or appropriate motion will be due within sixty (60) days after the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P. 12(a)(1)(B).

2. The Clerk of Court shall forward the documents listed below to:

Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

* Complaint (Doc. 2);

* January 24, 2014 Order (Doc. 10);

* Amended Complaint (Doc. 14);

* Supplement to Amended Complaint with unscannable exhibits (Doc. 16);

* this Order;

* a Notice of Lawsuit & Request to Waive Service of Summons; and

\*       a Waiver of Service of Summons.

3.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, and must be served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

4.  Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented.  Each party shall sign and attach a proper certificate of service to each document filed with the Court.  The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent.  The sender must sign the certificate of service.

5.  Mr. Sellers <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

6.  At all times during the pendency of this action, Mr. Sellers must immediately advise the Court and opposing counsel of any change of address and

its effective date.  Failure to file a notice of change of address may result in the

dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

All claims except Mr. Sellers's October 2010 failure to protect claim should

be dismissed.

All Defendants except Michelle Steyh should be dismissed.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Sellers may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[4]  28 U.S.C. § 636.  Failure

to timely file written objections may bar a de novo determination by the district

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed

until entry of the District Court's final judgment.

DATED this 4th day of December, 2014.

---

[4]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

**NOTICE OF LAWSUIT AND REQUEST FOR**
**WAIVER OF SERVICE OF SUMMONS**

TO:     Legal Counsel for the Montana Department of Corrections
        P.O. Box 201301
        Helena, MT 59620-1301

A lawsuit has been commenced by a pro se plaintiff against the State of Montana and Michelle Steyh. A copy the Amended Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-13-44-H-DWM-RKS. The Court has completed its pre-screening and concludes these Defendants must file a responsive pleading. *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion within 60 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.


              */s/ Keith Strong*
              Keith Strong
              United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:    The U.S. District Court for the District of Montana

      The following Defendants acknowledge receipt of your request to waive service of summons in the following action: <u>Sellers v. Kirkegard, et al.</u>, Civil Action No. CV-13-44-H-DWM-RKS, filed in the United States District Court for the District of Montana. Defendants also received a copy of the Amended Complaint. I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

      The above-named Defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. I understand judgments may be entered against the above-named Defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

      I decline to waive service on behalf of the following Defendants:

_____; _____;

_____; _____;

_____; _____;

_____        _____

DATE                               SIGNATURE

                                     _____

                                     PRINTED/TYPED NAME

                                     _____

                                     _____

                                     ADDRESS