IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DONNIE MACK SELLERS,<br><br>Plaintiff,<br><br>vs.<br><br>LEROY KIRKEGARD, MIKE BATISTA, STATE OF MONTANA, and JOHN AND JANE DOES,<br><br>Defendants. | CV 13-0044-H-DWM-JTJ<br><br><br>ORDER |

Pending is Plaintiff Donnie Sellers' Motion for Injunctive Order. (Doc. 23.) Mr. Sellers alleges he has been placed into detention without his legal documents. He also alleges the Prison has seized his motion for the appointment of counsel and a notice containing information for the Court. He alleges Defendants are trying to impede his efforts to communicate with the Court and destroying factual exhibits. He asks the Court to require the State of Montana to give him his legal documents. (Doc. 23.)

On December 4, 2014, United States Magistrate Judge Strong issued an Order to serve only Defendant Michelle Steyh and recommended the dismissal of all other Defendants including the State of Montana. (Doc. 19.) As a general rule courts are unable to issue orders against individuals who are not parties to a suit

pending before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969); *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). As the State of Montana has not been served and is currently recommended for dismissal, the Court will not issue an injunctive order to the State.

Furthermore, the United States Supreme Court has cautioned federal courts not to interfere with the day-to-day operations of the prisons, a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners. *Turner v. Safley*, 482 U.S. 78, 848 (1987); *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981) (courts should avoid enmeshing themselves in minutiae of prison operations). As such, at this point in the litigation, the Court will not interfere with the Prison's policies regarding what documents Mr. Sellers may have with him while in detention.

In addition, as stated, this matter has only been served on Defendant Michelle Steyh and she has not yet filed a responsive pleading. There is nothing to be done in the case until that responsive pleading is filed and a scheduling order is issued. At that point, Mr. Sellers may request extensions of time as necessary

should his detention interfere with his litigation of the case.

IT IS ORDERED that Mr. Sellers' Motion for Injunctive Order (Doc. 23) is

DENIED WITHOUT PREJUDICE.

Dated this ___ day of January, 2015.

Donald W. Molloy, District Judge
United States District Court