

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DONNIE MACK SELLERS,<br><br>Plaintiff,<br><br>vs.<br><br>LEROY KIRKEGARD, MIKE BATISTA, STATE OF MONTANA, JOHN AND JANE DOES, MICHELE L. STEYH, et al.,<br><br>Defendants. | CV 13–44–H–DWM–JTJ<br><br>ORDER |

**Introduction**

Plaintiff Donnie Mack Sellers, appearing pro se, alleges in his Amended Complaint that the conditions of his confinement violated his Eighth Amendment and other rights. (Doc. 14.) Magistrate Judge Keith Strong entered Findings and Recommendations on December 4, 2014, recommending that all claims and all defendants be dismissed except Sellers's failure to protect claim against Defendant Michele Steyh. (Doc. 19.) Sellers filed objections to the Findings and Recommendations on December 19, 2014. (Doc. 20.)

**Standard**

The court reviews findings and recommendations on nondispositive motions for clear error. 28 U.S.C. § 636(b)(1)(A); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). On dispositive motions, the parties are entitled to *de novo* review of the specified findings or recommendations to which they object, 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp.*, 656 F.2d at 1313, and where there are no objections, the court is to give the level of consideration it deems appropriate, *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). This Court reviews for clear error. Clear error exists if the court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

**Discussion**

Sellers generally objects to Judge Strong's Findings and Recommendations, but he specifically objects only as to his failure to protect claim. "Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." *Hoptowit v. Ray*, 682 F.2d 1237, 1250–51 (9th Cir. 1982). To establish a violation

of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Where an inmate's claim is based on an alleged failure to prevent harm, the inmate may satisfy the "sufficiently serious" requirement by showing the existence of "conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Sellers states that he "agrees with the Magistrate's finding that Defendant [Steyh] is to be required to make an appearance on the failure to protect claim in Oct. 2010 issue," but he insists that two additional defendants, Jane Doe[1] and Billie Reich, should also be ordered to respond to his failure to protect claim.

### A. Jane Doe

In his Amended Complaint, Sellers alleges that upon his entry into the Montana State Prison, he informed Jane Doe No. 1 about the threats he was receiving from fellow inmate Maynard. (Doc. 14-2 at 13–14.) At that time, Jane Doe provided Sellers with an intake form that questioned whether he had any enemies in the prison, and when he marked "Yes," she informed him she would have to place him in segregation. (*Id.* at 14.) After Sellers clarified that he had no enemies in the prison other than Maynard, she tore up the first form, gave him a

---

[1] Sellers states that he "believes" Jane Doe's last name is Jacobs. (Doc. 20 at 2 n.*.)

new one, and told him to leave the question unanswered so that he wouldn't be placed in segregation. (*Id.*) She then told Sellers he would be called out to talk to an investigator about the threats and assured him he would not be placed on the same unit as Maynard. (*Id.*) Sellers wrote "uncertain" on the new form. (*Id.*) He was never called out by an investigator, and he was placed on the same unit as Maynard. (*Id.* at 14–15.) Maynard assaulted Sellers 11 days later, breaking his jaw. (*Id.* at 15.) Sellers now insists that Jane Doe denied him protection, which led to the assault. (Doc. 20 at 2.)

Construed liberally, Sellers's allegations that Jane Doe tore up his first form, encouraged him to leave the question blank, and failed to ensure that an investigation occurred and that he was not placed on the same unit as Maynard seems to raise a non-frivolous question as to whether Jane Doe acted with deliberate indifference to serious threats to Sellers's safety. Defendant Jane Doe No. 1 will be required to respond to this claim.

### B. Billie Reich

In his Amended Complaint, Sellers discusses Defendant Reich's presence during a meeting with Defendant Steyh on November 15, 2011, regarding threats he was receiving. (Doc. 14-2 at 18.) He now insists that Reich actively participated with Steyh to deny him protection from those threats. (Doc. 20 at 2.)

However, this allegation concerns threats he received from a different inmate than Maynard concerning a letter. (*Id.*) As Sellers did not allege that he suffered any injury as a result of this incident, he failed to establish a serious threat to his safety, and the claim is dismissed.

Sellers also alleged in his Amended Complaint that at the request of Steyh and Reich during the November 15, 2011 meeting, he gave a list of the inmates who were threatening him to Steyh. (*Id.* at 18–19.) He then alleges that Reich would not process his grievance because Sellers "would not give them the names of those threatening him." (*Id.* at 19.) Sellers now insists that Reich's "misconduct in assisting (Steyh) in hiding and not listing Sellers['s] enemies & assuring there would be no record of such names of those inmates threatening him did lead to the assault on Sellers by inmate (Highpine) several months later on May 22, 2012." (Doc. 20 at 2.) He also states that Highpine's name was on the list that he gave Steyh. (*Id.*)

Sellers did not allege in his Amended Complaint that he advised Reich of any threats by Highpine prior to the assault in May 2012. He cannot now add allegations that Highpine's name was on the list he provided to Steyh. Moreover, a list of names given to Steyh six months before an assault does not show that Reich would have known the existence of "conditions posing a substantial risk of

serious harm." *Farmer*, 511 U.S. at 834. The claim is therefore dismissed.

Finally, Sellers raises issues with Reich's attire and lack of ID while she is in the prison. (Doc. 20 at 3.) However, Sellers does not have a constitutional right to be guarded by officers wearing particular clothing or identification. Defendant Reich is properly dismissed from this action.

### C. Remaining Claims

The Court finds no clear error with Judge Strong's remaining determinations as to Sellers's medical care, access to the courts/destruction of property, failure to protect, discipline, and the Americans with Disabilities Act allegations as they are either barred by the statute of limitations or fail to state a plausible claim. These claims and the remaining defendants are properly dismissed.

### D. Sellers's Notice

Sellers has filed a Notice, (Doc. 29), wherein he highlights that Judge Strong's Findings and Recommendations reference the State of Montana in the Notice of Lawsuit and Request for Waiver of Service of Summons. (Doc. 19 at 26.) However, the reference to the State of Montana was inadvertent. Michele Steyh and Jane Doe are the sole remaining defendants in this action; the State of Montana is dismissed.

Accordingly, IT IS ORDERED that the Findings and Recommendations (Doc. 19) are MODIFIED as discussed above and ADOPTED to the extent they are consistent with this Order.

IT IS FURTHER ORDERED that all claims except Sellers's October 2010 failure to protect claim are DISMISSED.

IT IS FURTHER ORDERED that all defendants except Defendants Michele Steyh and Jane Doe No. 1, as referenced at Doc. 14-2, pages 13–15, and Doc. 20, page 2, are DISMISSED.

IT IS FURTHER ORDERED:

1. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendant Jane Doe No. 1, as referenced at Doc. 14-2, pages 13–15, and Doc. 20, page 2, to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within thirty (30) days of the entry date reflected on the Notice of Electronic Filing. If Defendant chooses to return the Waiver of Service of Summons, the answer or an appropriate motion will be due within 60 days after the entry date reflected on the Notice of Electronic Filing for this Order, pursuant to Fed.R.Civ.P. 12(a)(1)(B). *See* 42 U.S.C. § 1997e(g)(2).

2. The Clerk of Court shall forward the documents listed below to:

Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

* the Complaint (Doc. 2);

* Order permitting Amended Complaint (Doc. 7);

* Amended Complaint (Doc. 8);

* Judge Strong's Findings and Recommendation (Doc. 9);

* this Order;

* a Notice of Lawsuit & Request to Waive Service of Summons; and

* a Waiver of Service of Summons.

Counsel for Defendant must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in

letter form.

4. Pursuant to Fed. R. Civ. P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

5. Sellers *shall not* make any motion for default until at least seventy (70) days after the date of this Order.

6. At all times during the pendency of this action, Sellers shall immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED this 9th day of February, 2015.

Donald W. Molloy, District Judge
United States District Court

-9-

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

A lawsuit has been commenced by a pro se plaintiff against an individual you may represent. A copy of the Amended Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-13-00044-H-DWM-JTJ. The Court has completed its pre-screening and concludes you must file a responsive pleading. *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," served with this Notice.

If you comply with this request and timely file the waiver, no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on you and may impose the full costs of such service.

_____ 2/9/2015
United States District Judge   16:40 P.M.

# WAIVER OF SERVICE OF SUMMONS

TO: The U.S. District Court for the District of Montana

    The following Defendant acknowledges receipt of your request that they waive service of summons in the following action: *Sellers v. Kirkegard, et al.*, Civil Action No. CV-13-00044-H-DWM-JTJ filed in the United States District Court for the District of Montana. Defendant also received a copy of the Amended Complaint. Defendant agrees to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed. R. Civ. P. 4:

_____; _____;

_____; _____;

_____; _____;

_____; _____;

    The above-named defendant retains all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. We understand judgments may be entered against the above-named defendant if an answer or motion under Fed. R .Civ. P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

    The following defendant declines to waive service.

_____; _____;

_____; _____;

_____
DATE

_____
SIGNATURE

_____
PRINTED/TYPED NAME

_____
ADDRESS