IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DONNIE MACK SELLERS,<br><br>Plaintiff,<br><br>vs.<br><br>MICHELE STEYH and JANE DOE,<br><br>Defendants. | CV 13-0044-H-DWM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter is before the Court on Defendant Steyh's Motion for Summary Judgment (Doc. 38); Plaintiff Donnie Sellers's "Motion to correct either a court or court clerk error and an order directing defendants to respond after such error is corrected" (Doc. 44); Mr. Sellers's Motion to Compel (Doc. 46); Mr. Sellers's Motion for Preliminary Injunction (Doc. 53); Mr. Sellers's "Motion to Amend, to Change from Defendant Jane Doe to Defendant Barbara Bequette" (Doc. 55); Mr. Sellers's Motion for Appointment of Counsel (Doc. 64); and Mr. Sellers's "Motion for an order directing defendant Steyh to produce the original video footage of the prison surveillance (4) cameras" (Doc. 65); and Mr. Sellers's Motion to Dismiss

1

without prejudice and with permission to appeal due to Court's prejudice (Doc. 72). The Motion for Summary Judgment should be granted and this action dismissed. In light of this recommendation, the undersigned will deny Mr. Sellers's other motions.

## I. PROCEDURAL HISTORY

Mr. Sellers filed an Amended Complaint on March 3, 2014. (Doc. 14.) He filed a supplement to the Amended Complaint on April 2, 2014. (Doc. 16.) On December 4, 2014, United States Magistrate Judge Keith Strong recommended that all claims in the Amended Complaint be dismissed except Mr. Sellers's failure to protect claim against Defendant Steyh. (Doc. 19.) Mr. Sellers objected to Judge Strong's Findings and Recommendations on December 19, 2014. (Doc. 20.) On February 9, 2015, United States District Court Judge Donald W. Molloy issued an Order adopting Judge Strong's Findings and Recommendations in part and modifying them to require Defendant Jane Doe 1 to respond to Mr. Sellers's October 2010 failure to protect claim. (Doc. 33.) The only remaining issue before the Court is whether Defendants Steyh and Jane Doe 1 acted with deliberate indifference to serious threats to Mr. Sellers's safety.

Counsel for Ms. Steyh has represented that Defendant Steyh is unable to identify Jane Doe 1. (Doc. 66 at 2.) Mr. Sellers, however, identified Jane Doe as

Barbara Bequette and seeks to amend his pleadings to substitute Ms. Bequette as Defendant Jane Doe. (Doc. 55.) Ms. Bequette opposes the motion to amend. (Doc. 66.)

## II. BACKGROUND[1]

Mr. Sellers began serving his sentence at Montana State Prison (MSP) on August 27, 2009. (Statement of Undisputed Facts ("SUF"), Doc. 39 at ¶ 5.) He was transferred to Crossroads Community Corrections facility in Shelby, Montana, on November 3, 2009. (SUF, Doc. 39 at ¶ 6.) Mr. Sellers returned to MSP on October 12, 2010. (SUF, Doc. 39 at ¶ 7.) On October 13, 2010, Mr. Sellers was placed in Close Unit One ("CU1"), subsequently renamed High Side Unit One ("HSU1"), at MSP. (SUF, Doc. 39 at ¶ 8.)

In paragraphs 96-101 of his Amended Complaint, Mr. Sellers alleges he submitted an Offender/Staff Request (kite) to Defendant Steyh on October 16, 2010, expressing a concern for his safety. (Doc. 14-2, p. 15 of 24.) Defendant Steyh does not recall receiving this kite. Defendant Steyh's typical response to a kite of that nature would be to prepare an incident report and initiate an

---

[1] Consistent with summary judgment standards discussed below, the following facts are taken from the materials of record. The Court views the facts and inferences from them in the light most favorable to Mr. Sellers as the non-moving party. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 474 U.S. 574, 587–88 (1986).

3

investigation into any threat to Mr. Sellers's safety. No incident reports, investigation notes, or kites of this nature are included in Mr. Sellers's offender records. (SUF, Doc. 39 at ¶ 9.)

Defendant Steyh received a kite from Mr. Sellers on October 16, 2010, about charges for sending his legal mail. Defendant Steyh responded to that kite in writing on October 20, 2010. (SUF, Doc. 39 at ¶ 10.)

On October 24, 2010, Mr. Sellers was involved in a fight with inmate Robert Maynard in the High Side dining hall at about 5:00 p.m. (SUF, Doc. 39 at ¶ 11.) Video footage of the incident from MSP's surveillance cameras clearly shows Mr. Sellers sitting down at a table in the High Side dining hall and beginning to eat. Mr. Maynard then walks by and says something to Mr. Sellers. The video does not have audio. (SUF, Doc. 39 at ¶ 13.) It is clear from the video that Mr. Sellers started a fight with Mr. Maynard by throwing the first punch. Mr. Maynard responded by hitting Mr. Sellers, after which both inmates continued fighting. (SUF, Doc. 39 at ¶ 12.)[2]

---

[2] Mr. Sellers represented in his Motion to Produce the Original Video Footage (Doc. 65) that he had not received a copy of the video of the altercation at issue. Defendant was required to verify that Mr. Sellers had been given an opportunity to view the video. (Doc. 70.) Defendant Steyh verified that Mr. Sellers had seen the video in April 2015. (Doc. 71.) Mr. Sellers was given until July 30, 2015, to file any supplemental response to the Motion for Summary Judgment. (Doc. 70.) He did not do so.

Neither Mr. Sellers nor Mr. Maynard responded when corrections officers ordered them to stop fighting and "cuff up." Corrections officers were required to physically separate and restrain Mr. Sellers and Mr. Maynard. (SUF, Doc. 39 at ¶ 14.) Both Mr. Sellers and Mr. Maynard received major disciplinary write-ups for the October 24, 2010 fight. Specifically, each was cited for fighting, refusing a direct order from corrections staff, and obstructing and impeding staff. (SUF, Doc. 39 at ¶ 15.) Mr. Sellers received 30 days of detention. Mr. Maynard received 20 days of detention. Mr. Sellers appealed, but Associate Warden Myron Beeson upheld the disciplinary decision. (SUF, Doc. 39 at ¶ 16.)

## III. MOTION FOR SUMMARY JUDGMENT

### A. Standard

Federal Rule of Civil Procedure 56(a) entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, the non-moving party

5

must go beyond the pleadings and designate by affidavits, depositions, answers to interrogatories, or admissions on file "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a) (quotation marks omitted); *Wash. Mut. Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, including that a fact is disputed or undisputed, must be supported by: (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed.R.Civ.P. 56(c)(1). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed.R.Civ.P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

A defendant does not bear the burden of proof at trial and in moving for summary judgment need only prove an absence of evidence to support a plaintiff's

6

case. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (*citing Celotex Corp.*, 477 U.S. at 323). If a defendant meets this initial burden, the burden then shifts to the plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp.*, 627 F.3d at 387 (*citing Celotex Corp.*, 477 U.S. at 323). This requires a plaintiff to "show more than the mere existence of a scintilla of evidence." *Id.* (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment. *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted). The Court determines only whether there is a genuine issue for trial, and in doing so, it must liberally construe Mr. Sellers's filings because he is a pro se prisoner. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

**B. Analysis**

7

It is clear from the video produced by Defendant Steyh that Mr. Sellers instigated the confrontation that resulted in his injuries. Therefore, neither Defendant Steyh nor any other prison official caused Mr. Sellers's injuries, and no prison official can be liable under Section 1983 for failure to protect. *See, e.g., Indreland v. Yellowstone Cnty. Bd. of Comm'rs*, 693 F.Supp.2d 1230, 1236, 1243 (D. Mont. 2010) (the plaintiff's failure-to-protect claim fails as matter of law where the plaintiff was the initiator in altercation with his cell mate); *Encarnacion v. Dann*, 80 F. App'x 140, 142 (2d Cir. 2003) (unpublished) (finding that the plaintiff's injuries stemmed from his affirmative act of murdering another prisoner rather than from the defendants' alleged failure to protect him from that prisoner); *Clark v. Johnson*, 181 F. App'x 606, 607–08 (7th Cir. 2006) (unpublished) ("the risk to [the plaintiff] was of his own making, and prison officials cannot reasonably be required to protect an inmate who intentionally instigates a violent altercation with another prisoner"); *Hailey v. Kaiser*, 201 F.3d 447 (10th Cir. 1999) (unpublished) (finding no causation under § 1983 where plaintiff was the aggressor and admitted he could have avoided the other inmate, "but instead engaged [the inmate] in an altercation which resulted in injury to [plaintiff]"). Accordingly, Mr. Sellers has not established the requisite causation necessary to hold Defendant Steyh or any other prison official liable for an Eighth Amendment violation, and

Defendant Steyh's Motion for Summary Judgment should be granted.

## IV. OTHER PENDING MOTIONS

### A. Motion to Correct

Judge Molloy ordered the Clerk of Court to serve certain documents upon Defendant Jane Doe. (Doc. 33.) Mr. Sellers alleges the documents contained the incorrect docket numbers. (Doc. 44.) Even if there were such errors, the errors would not affect the finding that Mr. Sellers was the aggressor in the incident that caused his injuries and that summary judgment should be granted. This motion will be denied.

### B. Motion to Compel

Mr. Sellers has filed a Motion to Compel (Doc. 46), arguing that Defendant Steyh did not timely respond to his discovery requests. Defendant Steyh timely served responses to Mr. Sellers's February 24, 2015 discovery requests on March 27, 2015. There is nothing to compel; the motion is moot.

### C. Motion for Preliminary Injunction

In light of the recommendation that Defendant Steyh's Motion for Summary Judgment be granted, the motion for preliminary injunction should be denied.

### D. Motion to Amend

Given the finding that Mr. Sellers was the aggressor in the incident that

caused his injuries, the Motion to Amend to name Barbara Bequette as a Defendant (Doc. 55) is moot and should be denied.

### E. Motion to Appoint Counsel

A judge may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations and internal quotation marks omitted)).

In light of the finding that Mr. Sellers was the aggressor and that this matter should be dismissed, Mr. Sellers cannot demonstrate a likelihood of success on the merits. Counsel could not save this case given the video of the incident in question. The motion for appointment of counsel will be denied.

### F. Motion to Produce Original Video

Mr. Sellers requests the Court have an expert view the video of the incident to examine it for tampering. Mr. Sellers has not stated a plausible reason to believe that anyone tampered with the video footage. He does not even explain what

might have been altered in the video or how it could possibly affect the Court's analysis of Defendant Steyh's Motion for Summary Judgment. The motion will be denied.

### G. Motion to Dismiss without Prejudice

On August 20, 2015, Mr. Sellers filed a motion to dismiss the case without prejudice. Mr. Sellers asks the Court to grant him permission to appeal due to "this Court's prejudice against" him. (Doc. 72.)

Mr. Sellers's motion to dismiss is governed by the provisions of Federal Rule of Civil Procedure 41(a)(2). The Rule provides that where a defendant has already filed a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2). As this Court explained in *Pendergrass v. Clanton*, 2008 WL 2079144 (D. Mont. 2008):

> The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced. A court should grant a Rule 41(a)(2) motion for voluntary dismissal unless the defendant will suffer clear legal prejudice, other than the prospect of a subsequent suit on the same facts. Legal prejudice means prejudice to some legal interest, some legal claim, some legal argument.

*Pendergrass v. Clanton*, 2008 WL 2079144, *2 (D. Mont. 2008) (internal quotation marks and citation omitted).

11

The Court has broad discretion to dismiss an action at the plaintiff's request under Rule 41 and on terms the Court deems proper. *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002).

In assessing whether a Rule 41(a)(2) motion should be granted with or without prejudice, it is appropriate for a court to consider: "(1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Williams v. Peralta Community College Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. 2005) (*quoting Burnette v. Godshall*, 828 F.Supp. 1439, 1443–44 (N.D .Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995)).

This action has been pending for over two years. Defendant Steyh moved for summary judgment under Federal Rule of Civil Procedure 56, requesting the Court dismiss Mr. Sellers's claims on the merits. It is clear from the record in this case that Defendant Steyh engaged in substantial efforts and discovery to defend herself. The Court has given Mr. Sellers every opportunity to prosecute this action. However, his case is without merit.

Given Defendant Steyh's obvious efforts and expense in defending this action and presenting a summary judgment motion, the Court finds the first

*Williams* factor weighs in favor of a dismissal with prejudice.

With respect to the second factor, Mr. Sellers waited over two years after the filing of his Complaint to seek voluntary dismissal. His filings in this case indicate he has not diligently considered the law or the facts and circumstances of his claims in the context of his status as an inmate incarcerated in a state facility.

Finally, under the third *Williams* factor, Mr. Sellers's reasons for voluntary dismissal at this late date are absurd. He states he wants a dismissal without prejudice and permission to appeal to the Ninth Circuit Court of Appeal "due to the Court's prejudice against" him. (Doc. 72.) First, this Court has not demonstrated any prejudice to Mr. Sellers. Second, "[a] plaintiff may not appeal a voluntary dismissal because it is not an involuntary adverse judgment against him." *Seidman v. City of Beverly Hills*, 785 F.2d 1447, 1448 (9th Cir. 1986); *c.f. Concha v. London*, 62 F.3d 1493, 1057 (9th Cir. 1995) (a plaintiff "may appeal from a voluntary dismissal with prejudice, at least where the plaintiff is not acting pursuant to a settlement agreement intended to terminate the litigation.") Mr. Sellers could not appeal a voluntary dismissal without prejudice.

All three of the *Williams* factors weigh in favor of dismissal with prejudice. Therefore, the motion to dismiss without prejudice should be denied.

## V. CONCLUSION

Based upon the foregoing, the Court concludes that the evidence in the record of the case establishes that there is no genuine dispute as to any material fact and Defendant Steyh is entitled to judgment as a matter of law. Mr. Sellers was the aggressor in the confrontation that resulted in his injuries. He cannot establish a violation of his constitutional rights under these facts.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Sellers's "Motion to correct either a court or court clerk error and an order directing defendants to respond after such error is corrected" (Doc. 44) is **DENIED**.

2. Mr. Sellers's Motion to Compel (Doc. 46) is **DENIED**.

3. Mr. Sellers's Motion for Appointment of Counsel (Doc. 64) is **DENIED**.

4. Mr. Sellers's "Motion for an order directing defendant Steyh to produce the original video footage of the prison surveillance (4) cameras" (Doc. 65) is **DENIED**.

Further, the Court issues the following:

## RECOMMENDATIONS

1. Defendant Steyh's Motion for Summary Judgment (Doc. 38) should be **GRANTED**, and this action should be **DISMISSED**.

2. Mr. Sellers's Motion for Preliminary Injunction (Doc. 53) should be **DENIED**.

3. Mr. Sellers's "Motion to Amend, to Change from Defendant Jane Doe to Defendant Barbara Bequette" (Doc. 55) should be **DENIED**.

4. Mr. Sellers' Motion to Dismiss without prejudice (Doc. 72) should be **DENIED**.

5. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

6. The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[3] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district

---

[3] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 26th day of August, 2015.

/s/ John Johnston
John Johnston
United States Magistrate Judge